# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

TAMMY KENNY,

      Plaintiff,

v.                                       Case No: 2:21-cv-9-SPC-NPM

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
of Argent Mortgage Securities,
Inc. Asset-Backed Pass Through
Certificates Series 2004-W11,
Under the Pooling and Servicing
Agreement dated as of October
1, 2004 Without Recourse,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Tammy Kenny's Motion for Remand (Doc. 15), Kenny's Amended Motion for Remand (Doc. 17), Defendant Deutsche Bank National Trust Company's Motion to Quash Service of Process (Doc. 21), and Kenny's Motion to Strike Untimely Hearsay Declaration and/or for Leave to Reply (Doc. 26). For the following reasons, the Court grants the motion to quash, denies the motions to remand, and denies the motion to strike.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## PROCEDURAL BACKGROUND

This is one of over 25 virtually identical complaints filed across Florida against Deutsche Bank National Trust Company ("DBNTC") by Kenny's attorney, Lee Segal.² (*See* Doc. 18).³ In short, the plaintiffs allege DBNTC's prosecution of foreclosure actions were "fraudulent, illegal, and perjurious" and rendered the rulings void. (Doc. 3 at 5). First, the plaintiffs allege DBNTC never legally owned the mortgages it sought to foreclose. (*Id.*) Second, the plaintiffs allege that the beneficiaries of the trust holding the mortgages never authorized the foreclosure suits. (*Id.*) Third, the plaintiffs allege DBNTC's trust license had been revoked so it was illegal for it to act as a trustee to the pooled mortgages. (*Id.* at 5-6). Thus, the plaintiffs allege, DBNTC engaged in a series of frauds in attempting to collect an unlawful debt, including recording a *lis pendens*, in violation of Florida's Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.101, *et seq*.

The complaints in each case are fundamentally identical except for the quintessential variables of the plaintiff and property. But these facts are virtually irrelevant to the legal claims as currently pled. Indeed, the allegations of the supposed fraudulent behavior in each of the underlying

---

² Mr. Segal signed his filings in federal court as Lior Segal, but as Lee Segal in state court. Mr. Segal's Florida Bar registration information lists his name as Lee Segal, as does his admission to the Middle District of Florida.

³ This may be a significant under-estimation, as recent filings reference over 50 virtually identical cases. (*See* Case No. 2:21-cv-42-SPC-NPM, Doc. 27).

foreclosure actions is generalized and not case specific. Tellingly threading these complaints together, all but one of the complaints before the undersigned, including those ostensibly filed by attorneys other than Mr. Segal, have the same transposition typos citing non-existent Fla. Stat. § 772.013(1)–(4) and § 772.014, instead of correct citations to Fla. Stat. § 772.103(1)–(4) and § 772.104. (*See* Doc. 3 at 11).[4]

But the complaints themselves are not the only similarity linking these cases. Foreclosure actions necessarily take place in the county where the mortgaged property is located. Nearly every lawsuit filed by Mr. Segal and his colleagues, however, contain the same procedural oddity: they were filed in a separate county from the underlying foreclosure action. Here, for example, Kenny's two properties are in Palm Bay, Brevard County, Florida. Kenny brought this fraud action related to the Brevard County foreclosures not in Brevard County, however, but over 200 miles away on the opposite side of the state in Collier County, Florida.

---

[4] The undersigned has nine cases involving these claims against either DBNTC or the Bank of New York Mellon: 2:21-cv-9-SPC-NPM, 2:21-cv-37-SPC-NPM, 2:21-cv-38-SPC-NPM, 2:21-cv-39-SPC-NPM, 2:21-cv-40-SPC-NPM, 2:21-cv-42-SPC-NPM, 2:21-cv-47-SPC-NPM, 2:21-cv-66-SPC-NPM, and 2:21-cv-80-SPC-NPM. Seven have transposition errors as to § 772.103. Eight have transposition errors as to § 772.104. The only complaint that contains multiple counts, Case 2:21-cv-47-SPC-NPM, is not internally consistent as to its transposition errors, with Count 1 citing § 772.103 and § 772.104, Count 2 citing § 772.013 and § 772.014, and Count 3 citing § 772.103 and § 772.014. Only one case, 2:21-cv-80-SPC-NPM, appears to correctly cite the statutes invoked.

Another pronounced procedural oddity linking these lawsuits is this matter before the Court: service of process. Kenny sued in Collier County 20th Judicial Circuit Court on October 16, 2020. Kenny served her complaint and summons on "CT CORP" at 28 Liberty Street in New York on October 23, 2020. (Doc. 21-1). The process server, Michael Levey, included on the affidavit of service:

> Per security desk personell [sic] who presented directions for new alternative address, the respondent Deutsche Bank of 60 Wall Street NY NY has directions to continue to serve process at CT Corp 28 Liberty Street NY NY 10005 as no one currently is present in the building who is authorized to accept legal papers. As of 10/16/2020 he does not know when this method will revert to the original service address.

(*Id.*)

Kenny sought and received clerk's default against DBNTC in the state court action on November 13 and 17, 2020, respectively. (Doc. 1-1 at 3). Kenny, contemporaneously with seeking default, moved for summary judgment. (*Id.*) On November 30, 2020, CT Corporation System ("CT") sent a letter to Collier County 20th Judicial Circuit Court indicating that CT was not the registered agent of DBNTC and would be unable to forward the complaint and summons purportedly served by Levey. (Doc. 21-2).[5] DBNTC appeared on December 29,

---

[5] CT had sent Mr. Segal at least 21 letters indicating the same—that CT is not the registered agent for DBNTC and could not accept service on its behalf—between July 15 and October 27, 2020. (Doc. 21-5). Mr. Segal admits to receiving these letters. (Doc. 16 at 1).

2020, moving to set aside the clerk's default and quash service. (Doc. 1-1 at 3). DBNTC then removed the matter to federal court based on diversity jurisdiction on January 5, 2021. (Doc. 1).

## MOTION TO REMAND

Multiple motions are before the Court, but Kenny's motion to remand must be addressed first given it implicates the Court's jurisdiction. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court."). Kenny argues that DBNTC's notice of removal was untimely because her complaint was served on October 23, 2020, but removal was not effected until January 5, 2021, well beyond the 30-day time limit. DBNTC responds that removal was timely because the complaint has never been properly served and notice of removal was filed shortly after DBNTC first learned of this case.

A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). A "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal

5

service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). "Even where a defendant has actual notice of the filing of a suit, service of process is ineffective where it does not comply with the rules of service." *Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762, 764 (11th Cir. 2019) (per curiam). "In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed." *Rentz v. Swift Transp. Co., Inc.*, 185 F.R.D. 693, 696 (M.D. Ga. 1998); *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985).

Here, the parties cannot reasonably dispute that DBNTC's notice of removal was untimely if service was proper, and timely if service was improper. Thus, resolution of the motion to remand turns entirely on resolution of DBNTC's motion to quash.

## MOTION TO QUASH

Florida law sets specific requirements for serving financial institutions. Fla. Stat. § 48.092. Financial institutions may designate a registered agent for service of process within the state, but it is not required. Fla. Stat. § 655.0201(2). If the financial institution has no registered agent, "service may be made to any officer, director, or business agent of the financial institution at its principal place of business or at any other branch, office, or place of business in the state." Fla. Stat. § 655.0201(3)(a).

6

DBNTC is a national banking organization formed under the laws of the United States and is authorized by the United States Department of Treasury to transact in the business of banking and to act as a fiduciary. (Doc. 21-4). DBNTC's main office is in Los Angeles, California, and its primary trust operations office is in Santa Ana, California. (Doc. 21-3 at 3; *see* Doc. 21-4).[6] DBNTC does not have a branch, office, or place of business in Florida. (Doc. 21-3 at 3). Like many Deutsche Bank-affiliated entities (*see* Doc. 11-1 at 1; Doc. 12-1 at 1), DBNTC maintained an office at 60 Wall Street to accept service at that address but has not done so since March 2020 due to the COVID-19 pandemic. (Doc. 22-1 at 3).

Since DBNTC has no registered agent, branch, office, or place of business in Florida, Kenny must have served DBNTC in California to comply with Florida's law of service. Kenny asserts she first sought to serve Deutsche Bank at 60 Wall Street, New York, NY, but was instructed to serve CT at 28 Liberty Street, New York, NY. This is where the defect in Kenny's service begins. Kenny equated DBNTC—Deutsche Bank National Trust Company—with Deutsche Bank. Regardless of the connection between these two entities (*see* Doc. 13) (corporate disclosure statement), Kenny has not proved that service

---

[6] A cursory search on the United States Securities and Exchange Commission's website confirms that DBNTC is located in California. U.S. Sec. and Exch. Comm'n, *Deutsche Bank National Trust Co CIK#: 0001020242*, https://www.sec.gov/cgi-bin/browse-edgar?CIK=1020242 (last accessed March 1, 2021).

upon some other Deutsche Bank entity effectuates valid service upon DBNTC. *See Amtrust N. Am. v. Sennebogen Maschinenfabrij GmbH*, 2020 WL 5441407, at *11 (M.D. Fla. Aug. 25, 2020) (summons for lawsuit against German company Sennebogen GmbH served on its American affiliate, Sennebogen LLC, was ineffectual), *R&R adopted by* 2020 WL 5423203, at *1 (M.D. Fla. Sept. 10, 2020). Nor can Kenny prove that attempted service upon Deutsche Bank's purported agent, CT, renders valid service upon the separate and distinct entity of DBNTC.

Kenny seeks to save her service defect by arguing about the pre- and post-COVID-19 service norms at 60 Wall Street. Levey is familiar with serving "various Deutsche Bank entities" at 60 Wall Street. (Doc. 12-1 at 1). Before the COVID-19 pandemic, Levey and his agents would approach the security desk for service, then the security personnel would contact the appropriate Deutsche Bank employee who came to the lobby to accept service. (*Id.* at 2). When the COVID-19 pandemic began, 60 Wall Street became vacant and, at some point, a paper sign was taped up that read: "Please direct all service to: . . . CT Corporation System Registered Agent, 28 Liberty Street." (*Id.* at 2, 6-9). This paper sign was updated in early December 2020 to read: "Please direct all Deutsche Bank service EXCEPT for service [on] Deutsche Bank National Trust Company to: . . . CT Corporation." (*Id.* at 5, 10). But this misses the mark. Florida law requires service upon DBNTC in California.

8

That DBNTC accepted service at 60 Wall Street before March 2020 as a courtesy does not codify a change to statutes governing service. Moreover, DBNTC had not designated CT as its registered agent (Doc. 21-3 at 3), and, given the many identical lawsuits handled by Kenny's attorney, Kenny had ample notice that CT was not a registered agent of DBNTC and could not accept service on its behalf. Service here was defective and must be quashed.

Florida's service statutes are strictly enforced. *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001). If a party fails to comply with Florida's service requirements, subsequent judgments are voidable. *Floyd v. Fed. Nat'l Mortg. Ass'n*, 704 So. 2d 1110, 1112 (Fla. Dist. Ct. App. 1998). DBNTC was never served. Instead, Kenny served a purported agent of a non-party. This service is so defective that it amounted to no notice whatsoever to DBNTC of the proceedings. The improper service necessitates a finding of good cause to void the default judgment. *Id.*; Fed. R. Civ. P. 55(c) (permitting court to set aside entry of default for good cause). The irony here is palpable: Kenny failed to appreciate the separate corporate identities of DBNTC and Deutsche Bank where her complaint asserts a blurring of mortgage owners and mortgage servicers caused her damages. The continued, knowingly invalid service on non-party, non-agent CT of lawsuits against DBNTC followed by default judgments in state court has the same stink of fraud-upon-the-court that the

numerous plaintiffs allege was perpetrated upon them. Kenny will not be afforded a set of rules apart from DBNTC.

Because the Court finds service was defective here, it follows that DBNTC's removal to federal court was timely. DBNTC learned of the lawsuit and promptly removed it within the 30-day time limit. Kenny's motion to remand is denied.

## MOTION TO STRIKE

Kenny moves to strike the Declaration of Ronaldo Reyes (Doc. 22-1) as untimely. The declaration was attached to DBNTC's response to Kenny's motion to remand.

Kenny first argues the declaration should be stricken because it was not filed alongside DBNTC's motion to quash. Kenny's argument lacks merit. As discussed, the motion to remand and the motion to quash are intertwined and resolution of one requires consideration of the other. The Court will not strike an affidavit because it was filed with DBNTC's memorandum opposing Kenny's motion to remand rather than with DBNTC's motion to quash. Kenny then argues that the declaration contains hearsay because Reyes signed it and it was notarized in California where he works, rather than in New York where the service efforts took place. Reyes' declaration is signed in his capacity as Vice President of DBNTC and provides sufficient foundation for his knowledge of DBNTC's operations. Kenny's argument fails.

Finally, Kenny asks for leave to respond should the Court deny her motion to strike. This request is denied. Motion practice is not a barter system. Kenny's strategic choice of responding to DBNTC's motion to quash with her own motion to strike rather than submitting full substantive briefing is hers to make. The deadline to respond has now passed. The motion to strike contains ample argument responding to DBNTC's motion to quash. The Court will not provide multiple opportunities to brief the same motion.

## CONCLUSION

Service here was defective and DBNTC received no notice of the lawsuit. As soon as DBNTC learned of the state court proceeding, it appeared and removed this matter to federal court. That removal was timely and appropriate. Until Kenny serves DBNTC, the Court lacks jurisdiction over it. The Court will allow 30 days for Kenny to properly serve DBNTC. Given the service irregularities in this lawsuit and the related lawsuits, if Kenny fails to effectuate service, the Court will dismiss this matter with prejudice.

Accordingly, it is now **ORDERED:**

1. Plaintiff Tammy Kenny's Motion for Remand (Doc. 15) and Amended Motion for Remand (Doc. 17) are **DENIED**.

2. Defendant Deutsche Bank National Trust Company's Motion to Quash Service of Process (Doc. 21) is **GRANTED**. Service is

QUASHED and the default entered against Deutsche Bank National Trust Company in state court is VACATED.

3. Plaintiff Tammy Kenny's Motion to Strike Untimely Hearsay Declaration and/or for Leave to Reply (Doc. 26) is **DENIED**.

4. Plaintiff Tammy Kenny must serve Defendant Deutsche Bank National Trust Company within 30 days of this Order. Failure to comply will result in the Court dismissing this matter with prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida on March 1, 2021.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

12