UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMMY KENNY,

        Plaintiff,

v.                                                                                Case No: 2:21-cv-9-SPC-NPM

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
of Argent Mortgage Securities,
Inc. Asset-Backed Pass Through
Certificates Series 2004-W11,
Under the Pooling and Servicing
Agreement dated as of October
1, 2004 Without Recourse,

        Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Tammy Kenny's Motion to Strike Defendant's Portion of the Joint Notice of Related Cases. (Doc. 29).

Under Local Rule 1.07(c), "lead counsel has a continuing duty to notify the judge of a related action pending in the Middle District or elsewhere. The lead counsel promptly must file a 'Notice of a Related Action' that identifies

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

and describes the related action." M.D. Fla. LR 1.07(c).[2] Kenny argues Deutsche Bank National Trust Company ("DBNTC") is improperly using Local Rule 1.07(c) to "inflame this Court's passions." (Doc. 29 at 1, 3). Kenny's attorney, Lee Segal,[3] asserts the cases found in the Notice of Pendency of Other Actions (Doc. 18) ("Notice") have nothing to do with this case.

Kenny's own filing torpedoes this argument. The Court has received the exact same motion across four cases, all of which are listed on the Notice—2:21-cv-9-SPC-NPM (Doc. 29); 2:21-cv-37-SPC-NPM (Doc. 28); 2:21-cv-40-SPC-NPM (Doc. 25); and 2:21-cv-42-SPC-NPM (Doc. 29). But to Kenny's detriment, the argument in her motion doesn't match the realities of her case as compared to the supposedly "unrelated" cases. Kenny asserts "Defendant's counsel filed the Notice as a 'Joint Notice,' as required by the local rules. However, the Notice is not actually 'joint' in that Plaintiff and Defendant take diametrically opposed positions within it." (Doc. 29 at 4). But if Kenny or her counsel actually reviewed the Notice filed in this case, they would see there is no assertion whatsoever that the Notice is filed jointly. The Notice clearly indicates it is signed solely by DBNTC's counsel and was served on Mr. Segal. (Doc. 18 at 7). The Notice does not purport to be a joint filing, nor does Local

---

[2] The Local Rules were updated effective February 1, 2021. Old Local Rule 1.04(d) imposed the same obligations.
[3] Mr. Segal signed his filings in federal court as Lior Segal, but as Lee Segal in state court. Mr. Segal's Florida Bar registration information lists his name as Lee Segal, as does his admission to the Middle District of Florida.

Rule 1.07(c) require it to be. The Notice did not contravene Local Rule 1.07(c). *See Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., Inc.*, 2007 WL 2965077, at 81 (S.D. Fla. Oct. 9, 2007) (striking notice of pendency of related proceeding for "contain[ing] extensive information . . . that far exceeds the narrow scope of Local Rule 3.8" that amounted to making legal arguments).

The only other authority the Court can fathom supporting Kenny's motion is Rule 12(f), which allows for striking of pleadings. Fed. R. Civ. P. 12(f). But a notice of related actions is not a pleading and provides no remedy. *E.g.*, *Whitney Info. Network, Inc. v. Weiss*, 2008 WL 11334989, at *1-*2 (M.D. Fla. Apr. 14, 2008). Rule 12(f) provides no support here.

Accordingly, it is now **ORDERED** that Plaintiff Tammy Kenny's Motion to Strike Defendant's Portion of the Joint Notice of Related Cases (Doc. 29) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 8, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3