UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMMY KENNY,

    Plaintiff,

v.                                 Case No: 2:21-cv-9-SPC-NPM

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

    Defendant.
_____/

**ORDER**[1]

Before the Court is Plaintiff Tammy Kenny's Amended Motion to consolidate (Doc. 33) and Defendant Deutsche Bank National Trust Company's response in opposition (Doc. 36). Kenny asks the Court to consolidate twenty-five similar cases with this one for the purpose of appealing an Order denying remand and quashing service. Deutsche Bank opposes on many grounds.

To start, Kenny points to nothing suggesting a district court can decide to consolidate cases only for an interlocutory appeal. Whether to consolidate cases on appeal is a matter handled by the appellate court. And when cases are consolidated by a district court for all purposes, each case still maintains

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

its separate identity—ending in a separate judgment and notice of appeal. *Hall v. Hall,* 138 S. Ct. 1118, 1131 (2018). So, the Court denies the request to consolidate.

Even if the Court could consolidate, it cannot do so with all these cases for a separate reason. This Court may consolidate certain cases before it. Fed. R. Civ. P. 42(a); Local Rule 1.07(b). But Kenny does not seek to only consolidate the cases assigned to the Court. Kenny wants to consolidate a list of cases assigned to other judges, including many from other Divisions and Districts. Yet the Court does not have the power to simply pluck cases away from other federal judges around Florida. As Deutsche Bank notes, there is theoretically a process by which Kenny could try consolidating a bunch of cases across the State. But it is much more involved than this empty-handed request to a single judge. So the Motion is denied.

Relatedly, Kenny filed a Notice of Appeal (Doc. 35) yesterday. There are several issues with this. Without authorization, Kenny is trying to appeal a nonfinal interlocutory order (i.e., she's trying to appeal an order that is currently unappealable). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) ("An order denying a motion to remand, standing alone, is obviously not final and immediately appealable as of right." (cleaned up)); *Stelly v. Employers Nat'l Ins.*, 431 F.2d 1251, 1254 (5th Cir. 1970) (explaining an order quashing service is a nonfinal, interlocutory order if it not effectively dispositive). What's more,

Kenny misfiled the Notice in CM/ECF as a mere case notice. Until a notice of appeal is properly filed, the Eleventh Circuit will have no inkling of an attempted appeal and CM/ECF will not trigger its necessary functions to process an appeal. Finally, Kenny failed to pay the filing fee. Leaving aside the substantive issue—certain dismissal of the appeal—the Court strikes the Notice because it was misfiled. If Kenny would like to try appealing at this time, she must make any necessary filings.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Amended Motion to Consolidated [sic] Related Cases for Purpose of Appeal (Doc. 33) is **DENIED**.

(2) The Court **STRIKES** Plaintiff's Notice of Appeal (Doc. 35). If Plaintiff intends to pursue an appeal, she must make the appropriate filings.

**DONE** and **ORDERED** in Fort Myers, Florida on April 2, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record